Dear Mr. Greenlee.
This opinion is in response to your request regarding the application of Act 307 of the 2007 Regular Session of the Louisiana Legislature. Act 307 amends R.S. 9:2800.16, R.S. 15:85.1(A)(2)(b), 146 through 149.1, 150, 151, 1202(A)(13), and 1424(B)(3), R.S. 24:513(A)(3), 515.1(A), (B) (introductory paragraph), and (D), and 517.1(F)(1) and (2), R.S.33:1342(1), R.S. 36:4(D) and 801.1(A), R.S. 39:1302(1)(f), R.S.46:236.5(B)(2), Children's Code Articles 321(C) and (D), 607(A), 608(B),740(B), and 809(C) and (E), and Code of Criminal Procedure Articles 944(A),948(A), and 953, to enact R.S. 15:141 through 143, 149.2, and 152 through 184, and repeals R.S. 15:144,145,145.1, and 151.2.
You explain that pursuant to Act 307 the local judicial district indigent defender boards (JDIDB) will be eliminated. The supervisory powers will then be vested in the new Louisiana Public Defender Board (LPDB) which will replace the Louisiana Indigent Defense Assistance Board. Specifically, you state, "Language was added to the Bill to address the transfer of funds and property to the "local indigent defender fund" to be managed by the local chief public defender, who would report to the new state board." However, you explain that there is no provision for the transfer of titled property such as land, buildings and vehicles from the abolished JDIDB.
Therefore, your question is: "How can the titled property be transferred from the abolished judicial district indigent defender boards and to what entity should they be transferred?" *Page 2 
It is the opinion of this office that Section 14 (C) of Act 307 provides the vehicle for title transfer. Section 14 (C) of Act 307 specifically provides for any other type of contract that is not addressed in previous sections Act 307, to wit: "Whenever a judicial district indigent defender board is referred to or is designated by the constitution or by any law or contract or other document, such reference or designation hereafter shall be deemed to apply to the district public defender for that district, and the legislature hereby specifically states that the provisions of this Section are in no way and to no extent intended to, nor shall they be, construed in any manner which will impair the contractual obligations of any judicial district indigent defender board heretofore existing."
Applying Section 14 (C) of Act 307 to these facts, the JDIDBs that hold property in their names would transfer by resolution of the JDIDB pursuant to this section any titled property into the name of the District Public Defender (DPD).
If our office can be of further assistance, please do not hesitate to contact us.
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:_________________________ Irys L. Allgood Assistant Attorny General
 CCF, Jr./ILA/tp